FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO RUIZ,<br><br>Defendant. | No. 1:24-CR-02075-SAB-1<br><br>**ORDER DISMISSING INDICTMENT** |

A motion hearing in this matter was held on March 19, 2026, in Yakima Washington. Defendant was present, in custody, and represented by Juliana Van Wingerden. The Government was represented by Letitia Sikes. With Defendant's consent, the Court appeared by video from Spokane, Washington. This order memorializes the Court's oral rulings and substantive findings.

### BACKGROUND

On October 9, 2024, the Indictment was filed, charging Defendant with possessing a firearm on or about June 30, 2024. On October 13, 2024, the Superseding Indictment was filed, changing the date of the offense to July 2, 2024. Specifically, Defendant was charged with possessing a handgun that was located in a residence where he was located but did not reside. The firearm was ultimately found in a location within the residence that was accessible to multiple individuals. Defendant was initially arraigned on October 15, 2024, which means the Government's disclosure deadline was October 29, 2024.

On November 12, 2024, Defendant filed a Motion for Discovery, requesting

**ORDER DISMISSING INDICTMENT # 1**

the Government disclose any *Brady* material. At a hearing on October 21, 2025, the Government proffered that the requested materials had been turned over to Defendant, and Defendant requested the Court reserve ruling on the Motion but the Court instead dismissed the Motion as moot, noting that Defendant could renew it if and when appropriate.

On December 16, 2025, Defendant filed a Second Motion for Discovery, again requesting any *Brady* material. Following a hearing on February 26, 2026, the Court denied the Motion, noting that it "expect[ed] the parties to abide by the applicable Federal and Local Rules." At that hearing, Defendant noted that discovery materials were continuing to be disclosed by the Government. It was later revealed that the ongoing discovery was a result of the Government realizing that the Yakima Police Department possessed fingerprint photos that had been taken from the firearm's magazine.

Upon discovering this, a supplemental report was completed, wherein it was concluded that one fingerprint was inconclusive, and that Defendant simply could not be excluded from the second and third fingerprints. The report and fingerprints were disclosed to Defendant on March 3, 2026—less than three weeks before trial.

## LEGAL FRAMEWORK

The government violates a defendant's due process rights when it fails to disclose evidence that is material to the defendant's guilt or innocence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). A so-called *Brady* violation may occur regardless of good or bad faith on the part of the prosecutor. *Id*. A *Brady* violation may also occur when the prosecutor does not have the evidence, but an investigating agency does. *United States v. Zuno-Arce*, 44 F.3d 1420, 1427 (9th Cir. 1995).

Local Criminal Rule 16(a) requires the government to disclose expert witness opinions and the bases for those opinions with fourteen days of the arraignment. Under Federal Rule of Criminal Procedure Rule 16(d)(2), when a

**ORDER DISMISSING INDICTMENT # 2**

party fails to comply with its discovery obligations, the Court may, among other remedies, exclude the evidence or enter any order that is "just under the circumstances."

Dismissal of an indictment is an appropriate sanction for a *Brady* violation when less drastic alternatives are not available. *United States v. Kearns*, 5 F.3d 1251, 1254 (9th Cir. 1993). Specifically, dismissal with prejudice is appropriate where the government has withheld *Brady* material through flagrant misconduct that has resulted in substantial prejudice to the defendant. *United States v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2020)

Under the Sixth Amendment, criminal defendants have the right to a speedy trial. When determining whether a speedy trial violation has occurred, courts must consider (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant has asserted the right to speedy trial, and (4) the prejudice of delay on the defendant. *See United States v. Tanh Huu Lam*, 251 F.3d 852, 855 (9th Cir.). None of these single factors is determinative, and courts must consider all relevant circumstances. *Id*. at 856.

## ANALYSIS

While the supplemental report itself appears to have been timely disclosed to Defendant (having been produced and disclosed on March 3, 2026), the photographs of fingerprints upon which that report were based were not disclosed until seventeen months after the discovery deadline. Moreover, Jennifer McCann's Forensic Examination Reports indicate that the relevant photographs where generated in November of 2024 and are therefore not shielded by the notion that the Government only just came to possess them.

The Government contends that the *Brady* violations in this matter could be cured by a continuance and that dismissal is too drastic a remedy. However, the Government's argument fails to account for Defendant's assertion of his Sixth Amendment right to a speedy trial, which he has clearly asserted. In the alternative,

**ORDER DISMISSING INDICTMENT # 3**

the Government proposes that the evidence could simply be excluded. This suggestion, however, fails to account for the notion that the evidence appears to be exculpatory: [1] the presence of other individuals' fingerprints on the firearm or magazine could make it more or less likely that one of the other individuals in the residence on July 2, 2024, possessed the firearm.

In this matter, the Government appears to have disclosed *Brady* material seventeen months after the deadline to disclose it has passed and, moreover, the Government or an investigating agency was in possession of the evidence for most of that time. The Government continued its failure to disclose the material despite multiple motions by Defendant to disclose any and all *Brady* material. The Government's recklessness regarding discovery has put Defendant in the impossible position of choosing between proceeding to trial without the benefit of his own expert reviewing the late-disclosed material or waiving his speedy trial rights in order to retain an expert who may or may not discern that the evidence is in fact exculpatory.

Here, the Government's actions represent flagrant misconduct because Defendant filed multiple motions for disclosure of *Brady* material and the Government continually proffered to the Court that it had met its discovery obligations.[2] Furthermore, the Government's conduct has caused substantial prejudice to Defendant because he must now choose between his right to speedy trial and his right to effective assistance of counsel through no fault of his own. Therefore, dismissal of the Superseding Indictment with prejudice is appropriate.

---

[1] The late disclosure by the Government prevents Defendant from being able to retain an expert to fully examine the evidence—despite attempts to do so—and it is therefore impossible to know whether the evidence would be inculpatory or exculpatory.

[2] The Government specifically stated on the record that the additional evidence was discovered in preparation for trial, not in response to Defendant's multiple requests.

**ORDER DISMISSING INDICTMENT # 4**

*See Bundy*, 968 F.3d at 1031.

Accordingly, **IT IS HEREBY ORDERED:**

1.      The Superseding Indictment, ECF No. 21, is **DISMISED**, with prejudice.

2.      All pending motions are **DISMISSED AS MOOT**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and the Marshals Services, and **close the file**.

**DATED** this 23rd day of March 2026.

Stan Bastian
Chief United States District Judge

**ORDER DISMISSING INDICTMENT # 5**